(No. 74-CV-72– ▮▮▮▮▮)

IN RE APPLICATION OF ROSEMARY SIMONE.

*Opinion filed September 5, 1975.*

MICHAEL McARDLE, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General of Illinois; LEONARD CAHNMANN, Assistant Attorney General.

PER CURIAM.

This claim is for loss of support and for funeral and burial expenses under the "Crime Victims Compensation Act," Ill.Rev.Stat., 1973, Ch. 70, §70, 71, et seq. (hereafter referred to as the "Act").

The claim arises out of a criminal offense of murder (Ill.Rev.Stat., Chapter 38, Sec. 9-1). Evidence was taken before Commissioner of this Court, Martin C. Ashman. It was stipulated by the parties that on April 21, 1974, at

approximately 10:24 a.m. Frank Korinek of 4144 West 25th, Chicago, Illinois, telephoned the Chicago Police Department, Area 4 Homicide, to report that there was a body in the back seat of a 1967 Chevrolet, parked at 2446 South Kedvale, Chicago, Illinois. Beat Car 1014 was assigned to the scene. The officers discovered a body in the back of the aforementioned automobile. The victim had been gagged, his arms and legs bound behind him, and there were four gun shot wounds in the back of his head. The body was later identified as that of William Simone, age 45, of 4934 West 25th Street, Chicago, Illinois. The report of investigating officers, Jack Stewart, Star No. 13029 and Steve Barnas, Star No. 14103, indicates that a survey of the neighborhood produced several people who indicated that they had heard sounds like shots or firecrackers at approximately 11:30 p.m. on April 20, 1974.

The Claimant is Rosemary Simone, widow of the victim. The victim and the widow were parents of three dependent children, namely, Denise Simone, age 9, Anthony Simone, age 8 and Michelle Simone, age 4.

Claimant testified that the investigating police officer informed her of her husband's death and asked if they could look through her husband's personal effects in order to find any further information about the incident, and she refused to allow them access to his personal effects because the request was made at the same time as she was informed of the death. The officers never made any further requests of her.

The issue presented to this Court is whether the Claimant cooperated with the authorities to the extent required by this Court.

Section 3(d) of the Act provides that an applicant is entitled to compensation if, among other things:

The applicant has cooperated fully with law enforcement officials in the apprehension and prosecution of the assailant.

This Court feels that the failure to allow the police to inspect the deceased's personal effects was a lack of full cooperation. The physical facts indicated a premeditated crime had been committed. Certainly, the deceased's personal effects might have provided a clue or an investigative lead to the officers. It is well known that the sooner an investigation is done the fresher the clues would be. A reasonable person, even though overcome by grief over the brutal murder of a loved one, would want to help the police in the apprehension of the murderer and would have, at least, made an appointment for the investigating officers to go through the personal effects of the decedent. This help to the investigating officers was not given in this case by the applicant.

The Act uses the words "cooperated fully." Full cooperation means compliance with every reasonable request by law enforcement officials. The request by the police in this case was reasonable and was not complied with. Therefore, the Claimant has not cooperated fully with law enforcement officials as required by the Act.

Having decided that the Claimant is not entitled to the benefits of the Act, it is not necessary for the Court to decide other issues in the case, of dependency and reasonableness of certain bills.

It is therefore the opinion of this Court that the claim of the Claimant be denied.